IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID EUGENE GALLOWAY, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. GLR-17-2001 |
| MARYLAND CRIMINAL INJURIES COMPENSATION BOARD, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on David Eugene Galloway's[1] Complaint, filed on July 18, 2017 against the Maryland Criminal Injuries Compensation Board ("CICB") and accompanied by a Motion to Proceed in Forma Pauperis (ECF No. 2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Galloway's Motion because his financial affidavit indicates he is indigent, but the Court will dismiss the Complaint without prejudice.

## I. BACKGROUND

Galloway alleges that on July 30, 2007, he was stabbed by unknown gang members. He claims the CICB was obligated to compensate him for lost wages up to $25,000, pay his medical bills up to $45,000, and pay for psychological counseling up to $5,000. Galloway asserts he received only $4,000 in benefits, and after one year, the

---

[1] Galloway filed the Complaint pro se. The Complaint, however, also is signed by Maurice Robinson, who identifies himself as an attorney. Mr. Robinson has neither provided his bar number nor entered his appearance in this case.

payments ceased. He claims he lost his job and home, and continues to suffer medical problems due to his injuries. As relief, he asks for $217,000 in compensation for lost wages, loss of employment, and his injuries. (Compl. at 6–7, ECF No. 1).

## II. DISCUSSION

**A.  Standard of Review**

Galloway filed this Complaint under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The Court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Galloway. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. Id. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

A pleading which sets forth a claim for relief must contain a short and plain statement of the grounds upon which the court's jurisdiction depends. See Fed. R. Civ. P. 8(a). Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552

(2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). The facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010); accord Hertz, 130 S.Ct. at 1194; McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir. 2010).

**B.** **Analysis**

The Maryland Criminal Injuries Compensation Board (CICB) is part of the Department of Public Safety and Correctional Services ("DPSCS"). Md. Code Crim. Pro. §11-804 (2014). It "is a remedial body designed to provide aid and assistance to victims of crime in Maryland." See Criminal Injuries Compensation Board, Md. Dep't of Pub. Safety & Corr. Servs., http://www.dpscs.state.md.us/victimservs/cicb/index.shtml (last visited Oct. 30, 2017). Crime victims can apply to the board for reimbursement of medical and psychological expenses, loss of earnings or dependency, and funeral

expenses. Id.[2]  Thus, DPSCS is a state agency.  The State of Maryland has not waived its sovereign immunity to suit in federal court under the Eleventh Amendment to suit in federal court.  See Md. Code. Ann., Corr. Servs., Art., §§ 1-101(f) and 2-101.  Consequently, the Complaint must be dismissed.

Further, Galloway provides no basis for this Court to exercise jurisdiction over this case.  Galloway incorrectly asserts the U.S. government is a party to this matter as a basis for jurisdiction.  (Civil Cover Sheet, ECF No. 1-1).  As explained above, the CICB is a state entity, not a federal one.  In addition, the Complaint alleges no violation of federal law or a constitutional right upon which to premise federal question jurisdiction. 28 U.S.C. §1331.  Since both parties are located in Maryland, there is no basis for jurisdiction based on diversity of citizenship.  See 28 U.S.C. §1332.  Thus, the Complaint provides no basis for this Court to exercise federal question or diversity of the parties' jurisdiction over this matter.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Galloway's Motion to Proceed in Forma Pauperis (ECF No. 2).  The Court will dismiss Galloway's Complaint (ECF No. 1).  A separate Order follows.

Entered this 30th day of October, 2017.

/s/
George L. Russell, III
United States District Judge

---

[2] Appeals of CICB decisions may be filed in the Circuit Courts of Maryland.  See Resource Guide, Md. Dep't of Pub. Safety & Corr. Servs., http://www.dpscs.state.md.us/cicb/CICBPamphlet (last visited October 30, 2017).